UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION** at **LEXINGTON**

CIVIL ACTION NO. 5:08-CV-31-JMH

DELBERT JONES,                                                    PLAINTIFF,

VS:            **MEMORANDUM OPINION AND ORDER**

TIM GAMBREL and DOUGLAS GREENBURG,               DEFENDANTS.

\*\*\*  \*\*\*  \*\*\*

Plaintiff Delbert Jones ("Jones"), an inmate confined in the Boyle County Detention Center in Danville, Kentucky, has submitted a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.[1] [Record No. 2]  Jones alleges that the Defendants violated his civil rights during his arrest and prosecution for wanton endangerment.

The Court screens civil rights complaints pursuant to 28 U.S.C. § 1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607 08 (6th Cir. 1997). As Jones is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his

---

[1] This action has inadvertently been docketed as one arising under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Because the defendants in this action are state, rather than federal, actors, the Clerk of the Court will be directed to recharacterize this action as one arising under 42 U.S.C. § 1983.

favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, or (b) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2).

## I. Factual Background

On June 30, 2007, Mercer County police officer Tim Gambrel pulled over Jones at the intersection of Bohon Road and US 127 just north of Harrodsburg, Kentucky. Jones was arrested and charged with first degree wanton endangerment, although Jones does not disclose the conduct giving rise to the charge. On or about July 12-24, 2007, Mercer County Attorney Greenburg charged and prosecuted Jones for this offense. Jones has been incarcerated at the Boyle County Jail from July 2, 2007 through at least January 11, 2008.

Jones has named as defendants officer Gambrel, the Harrodsburg Police Department, and County Attorney Greenburg. Jones alleges that Gambrel lacked any just cause for the initial arrest or charge, and that the Harrodsburg Police Department knew that Gambrel's charge against him was false and that Gambrel had made false charges against others. Jones further alleges that Greenburg tampered with physical evidence and coerced witnesses. Jones seeks $500,000 in damages and a published retraction of the charges against him.

## II. Discussion

Jones has not indicated in his Complaint whether he was

2

convicted of the wanton endangerment charge, or instead remains a pretrial detainee. In either event, the Court concludes that his claims are not cognizable in a civil rights action.

If Jones is still a pretrial detainee, the state criminal proceedings are still ongoing, and due respect for the jurisdiction of the state court requires this Court to decline to exercise subject matter jurisdiction in favor of the ongoing state proceedings under the Supreme Court's decision in *Younger v. Harris*, 401 U.S. 37 (1971). *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). The claims that Jones assert here are grounds that could and should be pursued before the trial court to challenge the charge against him on the merits. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) ("[W]hen a litigant has not attempted to present his federal claims in related state-court proceedings, a federal court should assume that state procedures will afford an adequate remedy.").

Jones's Complaint does not expressly indicate that he was convicted of the charge, but his continued incarceration at the Boyle County Detention Center at all relevant times suggests this possibility. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the United States Supreme Court held that a plaintiff may not assert any civil rights claim which would, if successful, necessarily imply that a prior criminal conviction was invalid. *Heck*, 512 U.S. at 487. As the Sixth Circuit Court of Appeals has succinctly stated:

In general, a state prisoner does not state a cognizable

3

>claim under §1983 if a ruling on his claim would necessarily imply the invalidity of his conviction and confinement, until the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994); *Schilling v. White*, 58 F.3d 1081, 1085-86 (6th Cir. 1995). ...

*Reese v. Gorcyca*, 55 Fed.Appx. 348, 350 (6th Cir. 2003). Because Jones's claims would, if proven, "necessarily demonstrate the invalidity of his conviction," *Heck*, 512 U.S. at 486-90 (any claim that would invalidate the plaintiff's conviction does not accrue until the conviction is overturned on direct appeal or invalidated on collateral attack), and he does not allege that they have been overturned on appeal, they must be dismissed as premature. *See Shamaeizadeh v. Cunigan*, 182 F.3d 391, 397-98 (6th Cir. 1999); *Manthey v. Kessler*, 2003 WL 22434560 (6th Cir. 2003) (affirming *sua sponte* dismissal upon initial screening of civil rights claims barred by *Heck*); *Woods v. Ohio*, 2001 WL 493406 (6th Cir. 2001) (affirming district court's dismissal of complaint which failed to allege reversal of conviction without granting leave to amend).

Finally, even were the Court to entertain his claims, Greenburg would be entitled to absolute prosecutorial immunity against Jones's claim of fabricating evidence and tampering with witnesses. *See Higgason v. Stephens*, 288 F.3d 868, 878 (6th Cir. 2002) (prosecutors enjoy absolute immunity from suits under § 1983 for conduct related to the initiation and presentation of the state's case); *Burns v. Reed*, 500 U.S. 478, 486 (1991)

4

(prosecutorial immunity extends to claim for use of false testimony).

### III. CONCLUSION

The Court being sufficiently advised, it is **ORDERED** as follows:

1. The Clerk of the Court shall recharacterize this action as one arising under 42 U.S.C. § 1983.

2. Plaintiff's Complaint [Record No. 2] is **DISMISSED WITHOUT PREJUDICE.**

3. The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Chanced v. Scarman*, 117 F.3d 949 (6th Cir. 1997).

4. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order in favor of the Defendants.

This the 6th day of February, 2008.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge

5